

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

September 3, 2009

Mr. Kirk W. Knutson  Mr. Paul G. Garrick
456 State Street  PO Box 467
Salem, OR 97301  Eugene, OR 97440

RE:  BUSTAMANTE-ORTEGA, Gerardo & SALDANA-HERNANDEZ, Araceli
Bankruptcy Case No. 09-63066-aer13
Motion to Reconsider Order of Dismissal

Counsel:

Debtors have moved for "reconsideration" of the order dismissing their Chapter 13 case. Although they cite no bankruptcy rule or statute in support thereof, based on counsel's affidavit, I will exercise my discretion and construe the motion as one for relief from judgment based on excusable neglect under FRBP 9024 (which makes applicable FRCP 60(b)(1)).

Facts:

This Chapter 13 case was filed on June 11, 2009, through attorney Kirk Knutson. Debtors own a 2006 Chevy Suburban, secured to Wells Fargo Auto Finance. Their plan dated June 11, 2009, proposed to cram down Wells Fargo's secured claim. Shortly after the filing, Wells Fargo repossessed the Suburban.

On June 26th, Wells Fargo moved to annul the stay retroactive to the filing date. It alleged the repossession was without notice of the filing. On June 30th, Debtors countered by filing Adversary Proceeding # 09-6119-aer seeking the vehicle's return and damages for willful violation of the stay. On July 2, 2009, I convened a phone hearing on the motion to annul. At that hearing, Debtors' counsel admitted Debtors had purchased fake social security cards from a third party and used those cards to purchase the Suburban. He stated Debtors weren't eligible to get social security numbers but did not elaborate why. He advised the identifying numbers on Debtors' bankruptcy petition were tax identification numbers. I set the matter over for final hearing on July 14th and ordered the status quo, with respect to the Surburban, maintained until then.

Before the July 14th hearing, Debtors and Wells Fargo reached an agreement. Wells Fargo withdrew its motion to annul the stay and Debtors dismissed the adversary proceeding. The settlement allowed Debtors to keep the Suburban in return for modifications to the plan. Despite the settlement, I had concerns regarding Debtors' good faith, given their admission that

they had used false social security cards.[1]  Thus, on July 19th notice was mailed setting a confirmation hearing on August 18, 2009 at 2:00 p.m.  The notice stated:

> ASIDE FROM ADDRESSING OBJECTIONS TO
> CONFIRMATION (IF ANY), DEBTORS ARE EXPECTED TO
> PUT ON A PRIMA FACIE SHOWING OF GOOD FAITH.

On July 23rd, the court clerk's office mistakenly docketed a wage order as a confirmation order.  The mistake was quickly realized and minutes later the erroneous docket entry was noted as "superseded" by an entry for the wage order.  On July 29th, Debtors' counsel served, on the Chapter 13 trustee, a draft confirmation order incorporating the amendments[2] evidencing the Wells Fargo settlement.[3]

On August 6, 2009, Debtors' counsel reviewed the court's electronic docket through its PACER system.  He noted the "confirmation order" docket entry, but did not open it to actually view the document, which he would have done in a matter of seconds by merely clicking on the entry.  He also searched the docket without checking the box which allows review of notations to the entries, thus he did not see that the entry had been "superseded."  Based solely on the erroneous docket entry, counsel then advised the Debtors they did not need to appear at the August 18th hearing.

In fact Debtors did not appear at the August 18th hearing.  I then announced from the bench the case would be dismissed.  That same day, after being notified of my ruling by the Chapter 13 trustee, Debtors filed the instant motion.  The dismissal order was entered on August 20th.

Discussion:

The Ninth Circuit Court of Appeals has held the Pioneer[4] standards applicable to "excusable neglect" in the Rule 60(b)(1) context. Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224 (9th Cir. 2000). In construing the term "excusable neglect," the Pioneer, court held the term "neglect" has its normal meaning, and includes negligence, carelessness and inadvertent mistake. Pioneer, supra at 388, 113 S. Ct. at 1494-95.  In his affidavit, counsel admits he erred in relying solely on the docket entry.  Based on this admission and the facts as recited above, I find there was "neglect."

---

[1] Indeed, use of the false social security numbers may have been a crime.  See, 42 USC § 408(a)(7)(B); U.S. v. Ellis, 50 F.3d 419 (7th Cir. 1995).

[2] In the normal course, the Chapter 13 trustee's counsel would review the order and if satisfactory, sign and submit it to the court for signature and entry.

[3] The draft order showing the service date was attached to Wells Fargo's Declaration of No Objection [to confirmation] filed on August 4, 2009.

[4] Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

   The question then becomes whether counsel's "neglect" is excusable. Under Pioneer, that determination is at bottom line an equitable one, taking into account all relevant circumstances surrounding the party's omission including: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the movant's reasonable control; and 4) whether the movant acted in good faith. Id. at 395, 113 S. Ct. at 1498. I am at liberty to weigh the factors. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004).

   Here factors ## 1 and 2 are either neutral or cut in Debtors' favor. As to factor #4, Looking at the totality of the circumstances, Debtors have admitted they used fake social security cards to purchase a vehicle they now wish to retain and treat in their Chapter 13 plan. Indeed, the confirmation hearing was to determine whether Debtors met the requirements of §§ 1325(a)(3) and (a)(7). Thus, Debtors' good faith is suspect. Factor #3 (reason for the delay/omission and whether it was in Debtors' control), weighs heavily against Debtors. Counsel's reliance on the erroneous docket entry alone was patently unreasonable when considering: 1) he failed to open and read the document on which he was relying; 2) he failed to search the docket using the "display docket text" option, which would have revealed the docket entry was corrected and superseded minutes after its entry; 3) he had not received notice that the August 18th hearing had been cancelled; 4) he had not received e-mail notice and a copy of a signed and entered confirmation order, as would have been the normal course had the order actually been entered; and finally, 5) he ignored or overlooked that the "confirmation order" had been docketed on July 23rd, six days before he served the Chapter 13 trustee with the actual draft order. Finally, a relevant factor in my analysis is whether Debtors can in fact make a meritorious "good faith" showing. If not, vacating the dismissal to allow a hearing would be a waste of time. The present motion and affidavit are silent on this point.

   Weighing all the relevant factors, I conclude Debtors' neglect was not excusable. Thus the motion will be denied. A separate order will be entered. The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

                Very Truly yours,

                *albert E. Radcliffe*

                Albert E. Radcliffe
                Bankruptcy Judge

AER:vhd